DISABLED RIGHTS ACTION COMMITTEE, et al., Plaintiffs—Appellants,

v.

FREMONT STREET EXPERIENCE LIMITED LIABILITY COMPANY, et al., Defendants—Appellees.

No. 01–16657.

D.C. No. CV–98–01514–JLQ.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2002.*

Decided July 23, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HAWKINS, SILVERMAN, Circuit Judges, and RESTANI, Judge.**

ORDER

The memorandum disposition filed May 20, 2002, is withdrawn and is replaced by a memorandum disposition filed contemporaneously with this order.

** Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

The panel has voted to deny the petition for panel rehearing, and Judges Hawkins and Silverman have voted to deny the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35.

The petition for rehearing is denied and the petition for rehearing en banc is rejected.

### MEMORANDUM ***

A group of plaintiffs led by the Disabled Rights Action Committee appeals the grant of summary judgment in favor of the Fremont Street Experience Limited Liability Company ("FSELLC"). The appellants sought to enjoin the FSELLC from violating Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, et seq. Because the parties are familiar with the facts, we will not recite them in detail except as necessary. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The appellants contend that the FSELLC violates Title III of the ADA by failing to exercise due care to ensure that the temporary structures at the Fremont Street Experience comply with the ADA. The appellants point to several structures that allegedly violate government regulations as evidence of the FSELLC's poor oversight practices. See 42 U.S.C. § 12183(a); 28 C.F.R. Part 36 and Appendix A. Title III of the ADA provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). In the event of a violation of 42 U.S.C. § 12182, the statutory scheme provides for injunctive relief. 42 U.S.C. § 12188; 42 U.S.C. § 2000a–3(a). The district court denied appellants' request for an injunction against the FSELLC, and we review a "summary judgment granting or denying a permanent injunction for abuse of discretion and application of the correct legal principles." Midgett v. Tri–County Metro. Transp. Dist. of Oregon, 254 F.3d 846, 849 (9th Cir.2001) (citation omitted).

A commercial facility discriminates under 42 U.S.C. § 12182(a) by failing to "design and construct facilities ... that are readily accessible to and usable by individuals with disabilities ...." 42 U.S.C. § 12183(a)(1). It also may discriminate under 42 U.S.C. § 12182(a) by failing to make a reasonable modification in policies, practices, or procedures when such modifications are needed to afford access to individuals with disabilities. 42 U.S.C. § 12182(b)(2)(A)(ii). The appellants alleged that FSELLC engaged in discriminatory patterns and practices by providing inadequate oversight of the Fremont Street Experience, but they failed to come forward with proof sufficient to survive summary judgment. At most, the appellants brought forth evidence of one or two technical violations in the face of numerous instances of compliance. Appellants' evidence cannot be construed to show a discriminatory pattern, practice or policy. The appellants waived all of their other claims on appeal, and thus we conclude that the district court did not abuse its discretion in denying the injunction.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

[1] As a preliminary matter, we note that many of the structures challenged by the appellants are accessible only to employees of FSELLC, not to the general public. As a result, the appellants lack standing to assert ADA violations on the YESCO Shed, the parking attendant toll booths, the FSELLC restroom and executive offices, and the temporary stages. *See Long v. Coast Resorts, Inc.*, 267 F.3d 918, 924 (9th Cir.2001). In addition, the appellants explicitly waived any arguments in relation to those issues.

■■■ The remainder of the evidence brought forth by the appellants fails to create a genuine issue of fact regarding FSELLC's practices. The appellants do not argue on appeal that the district court erred in concluding that the Coca–Cola kiosk was built in compliance with the ADA regulations, and in any event, the issue is moot because this kiosk has been dismantled for reasons unrelated to the litigation. The only remaining allegation is that the sales counters at a retail store in the now-defunct Race Rock restaurant violated Rule 7.2(1) of the *ADA Accessibility Guidelines*. Even assuming the Race Rock counter had violated ADA regulations, a lone violation does not establish a pattern or practice on the part of the FSELLC. Instead, an injunction could have been issued to remedy the Race Rock counter, but the issue is moot given that the Race Rock has gone out of business for reasons unrelated to this litigation.

■■■ The appellants argue that their concerns are not moot because there have been ongoing ADA problems at the Fremont Street Experience. The appellants contend that the district court erred by refusing to consider the third affidavit submitted by Ronald Smith, which alleged further violations at the Fremont Street Experience. We review the district court's refusal to consider untimely evidence for an abuse of discretion. *See Carpenter v. Universal Star Shipping, S.A.*, 924 F.2d 1539, 1547 (9th Cir.1991). We agree with the district court that the claims in the affidavit raise new issues that were not addressed in the First Amended Complaint, and thus the district court did not abuse its discretion in refusing to consider the affidavit.

The appellants point out that Mark Paris, President and Chief Executive Officer of FSELLC, stated that the company occasionally allows mobile vendors for special events at the Fremont Street Experience. Paris's declaration explains that the company's policy and practice is to instruct vendors to make accommodations, such as setting up a table next to the mobile facility to provide equivalent service, if the vendor's counters are not compliant with regulations. Because the record is devoid of details on any alleged violations with mobile vendors, however, we conclude that there is no genuine issue of fact as to whether FSELLC's oversight practices have resulted in violations of the ADA. In fact, the record reveals that FSELLC took seriously its obligations under the ADA and voluntarily remedied many of the conditions complained of, whether they were required to or not.

In sum, the appellants have simply failed to bring forth evidence of a series of ADA violations at the Fremont Street Experience that would create a genuine issue as to whether the FSELLC's oversight practices could be construed as a violation of the ADA. Accordingly, the district court did not abuse its discretion in refusing to issue an injunction against the FSELLC.

AFFIRMED.